**Sheldon FRIEDLAND, Administrator of the Estate of Raymond Odias Poirier, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 61–568–C.**

United States District Court
D. Massachusetts.

Oct. 30, 1962.

Barney Papkin, New Bedford, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., John J. Curtin, Jr., Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This is an action under the Federal Tort Claims Act in which the plaintiff as Administrator of the Estate of Raymond Odias Poirier seeks to recover money damages from the United States because of alleged negligence of members of the medical staff at the Veterans Administration Hospital in Brockton, Massachusetts. The negligence is said to consist of a failure to properly supervise the intestate, allegedly a schizophrenic, with the result that the intestate died from a self-inflicted wound while at large and not under adequate supervision.

The Government has filed a motion to dismiss upon the grounds (1) that the complaint fails to state a claim against the defendant upon which relief may be granted; and (2) because it appears upon the face of the complaint that the Court lacks jurisdiction of the subject matter. Both grounds of the Government's motion are related to and primarily rest upon the so-called "discretionary function" exemption contained in the Federal Tort Claims Act, 28 U.S.C. § 2680, and a recent decision of the District Court for the Eastern District of Virginia in White v. United States, 205 F.Supp. 662.

While there is some division of authority as to whether or not the Government is exempted from liability by 28 U.S.C. § 2680(a) in cases of the instant type, I believe that the better view is that expressed by the Court of Appeals for the Fifth Circuit in Fair v. United States, 234 F.2d 288 (1956).

The motion to dismiss is denied.